In re MARKET SQUARE ASSOCIATES,
LTD., Debtor,

In re CHESTNUT GROVE ASSOCIATES,
LTD., Debtor,

MARKET SQUARE ASSOCIATES, LTD.

and

Chestnut Grove Associates,
Ltd., Plaintiffs,

v.

Howard N. GARFINKLE and the Estate
of Howard N. Garfinkle

and

Barbara Garfinkle, Benjamin Garfinkle,
Cyrus West and Asher Fensterheim

and

Dallas & Abilene Realty Corp., Forest &
Greenville Realty Corp., Guardian &
Johnstown Realty Corp., Carolina &
Tennessee Realty Corp., Berkshire &
Green Realty Corp., Chestnut Hill Prop-
erties, Inc., Endicott & Harris Realty
Corp., Alabama & Missouri Realty Corp.,

and

Samuel Kanter, Defendants.

No. 81 Civ. 6979 (MEL).

United States District Court,
S. D. New York.

April 9, 1982.

Barsky, Golden & Remick, P. C., Philadel-
phia, Pa., for plaintiffs-appellees; Whitman
& Ransom, Richard Tilton, New York City,
of counsel.

Fensterheim & Fensterheim, New York
City, for defendant, Asher Fensterheim.

LASKER, District Judge.

This action arises from the bankruptcy of
plaintiffs, Market Square Associates, Ltd.,
and Chestnut Grove Associates, Ltd., ("Mar-
ket Square") Pennsylvania limited partner-
ships which own and operate a shopping
center in Philadelphia.

The land and buildings comprising the
shopping center were owned in 1978 by
PNB Mortgage and Realty Investors
("PNB"). In December, 1978, the corporate
defendants bought the properties from
PNB. In connection with the closing of the
sale, Jay D. Barsky, the subject of the in-
stant motion to disqualify, represented de-
fendants for a short period of time near the
end of December, 1978.

About a year later, in December, 1979,
plaintiffs bought these properties from the
defendants. Barsky is not alleged to have
been connected in any way with that trans-
action.

According to the allegations of the complaint, bitter disputes between plaintiffs and defendants arose before the sale and have continued to the present. Plaintiffs ultimately filed under Chapter 11 of the Bankruptcy Code, allegedly as a result of defendants' "fraudulent and deceitful acts." (Complaint ¶ 30). On February 4, 1981, plaintiffs filed this adversary proceeding against defendants, alleging fraud and deceit in connection with the December, 1979 sale and the proceedings following it.

Defendants move to disqualify Barsky and his firm, Barsky, Golden & Remick, Esqs., on the grounds that Barsky is in a position to use privileged information about the defendants obtained through his prior representation of them. Bankruptcy Judge Lewittes held a hearing to ascertain the relevant facts and rendered a decision on June 4, 1981, denying the motion. The defendants appeal from his ruling.

Defendants' contentions center on paragraphs five and six of the amended complaint, which allege that the individual defendants "own, dominate, direct and control" the corporate defendants and that the corporate defendants "are the alter egos" of the individual defendants. Defendants contend that Barsky learned of the relationship between the individual and corporate defendants during the course of his representation of them in December, 1978, and that there is a danger that he will use that privileged information during the course of his representation of the plaintiffs in this action.

Barsky answers that he was privy to no confidential information as to the relationships among the defendants and that, because of the narrow and limited nature of his prior representation of defendants and the lack of connection between the matters which he then handled for defendants and the matters at issue here, there is no basis for a presumption that he obtained any relevant confidential information during the course of that representation.

Bankruptcy Judge Lewittes, having heard testimony of witnesses and considered documentary evidence, made findings of fact as to the matters included in Barsky's prior representation of defendants. The Judge refused to credit the testimony of defendants' witness, Mr. Fensterheim, that Barsky received "relevant privileged information in the course of the earlier retention." (Opinion at 6). He found as a fact that Barsky's services to defendants consisted solely of "solving certain realty transfer tax problems and the allocation of the purchase price between realty and personalty in connection therewith." (*Id.* at 4). In view of Barsky's limited role in his prior representation of defendants, Judge Lewittes found further that the matters handled there "could scarcely be said to bear more than peripherally on any issue presented in this litigation." (*Id.* at 6).

The factual findings made by Judge Lewittes in his thoughtful opinion are well supported by the record and are accepted here. *See* Rule 810 of the Rules of Bankruptcy Procedure (Upon appeal, the district court must accept the bankruptcy judge's findings of fact unless clearly erroneous). In particular, we accept the finding that Barsky did not receive relevant privileged information during his representation of defendants, as well as the findings as to the matters Barsky did handle. The sole remaining question is whether the matters worked on by Barsky in the prior representation of the defendants are so closely related to those present in this proceeding that a presumption must be applied that the presence of Barsky as plaintiffs' counsel will "pose a threat of taint" to the proceedings. *Armstrong v. McAlpin*, 625 F.2d 433 (2nd Cir. 1980) *vacated on other grounds*, 449 U.S. 1106, 101 S.Ct. 911, 66 L.Ed.2d 835 (1981).

Under *Government of India v. Cook Industries, Inc.*, 569 F.2d 737 (2nd Cir. 1978), disqualification may be granted "only upon a showing that the relationship between issues in the prior and present cases is 'patently clear.'" Indeed, disqualification has been approved in recent decisions of the Court of Appeals only when the issues involved have been " 'identical' or 'essentially the same.' " 569 F.2d at 740, *citing Silver*

*Chrysler Plymouth, Inc. v. Chrysler Motors Corp.*, 518 F.2d 751, 754–56 (2nd Cir. 1975); *NCK Organization, Ltd. v. Bregman*, 542 F.2d 128, 135–36 (2nd Cir. 1976) (concurring opinion); *Hull v. Celanese Corp.*, 513 F.2d 568, 571 (2nd Cir. 1975).

The issues dealt with by Barsky in his prior representation of defendants, realty tax problems, are not "identical" or "essentially the same" as the issue presented here—the relationship between the corporate and individual defendants. To the contrary, as Judge Lewittes concluded, any correspondence between the two issues is peripheral at best. Moreover, as Judge Lewittes correctly pointed out, the instant complaint alleges fraudulent acts committed by the defendants commencing in December, 1979, while Barsky's representation of defendants ended in December, 1978.

Moreover, consideration of the extent of Barsky's prior involvement with defendants further supports Judge Lewittes' decision. Unlike the attorney disqualified in *Government of India v. Cook*, who "was in day-to-day charge" of the prior case for a period of three years, 569 F.2d at 740, Barsky previously represented the defendants for less than a week during which he was not the lead counsel, but was retained solely to help work out relatively incidental matters which arose on the second day of the closing of the sale.

For the reasons indicated, the defendants have not borne the "high standard of proof on the part of one who seeks to disqualify his former counsel." *Government of India v. Cook*, 569 F.2d at 739, and accordingly, the Bankruptcy Judge's ruling denying the motion to disqualify is affirmed.